IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEROME DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3379 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JUSTIN GRAGG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on filing no. 12, the Motion to Dismiss filed by the defendants, Justin Gragg and Gina Larson, who are corrections officers at the Lancaster County Jail, where the plaintiff was an inmate when he filed his complaint. The plaintiff, Jerome Davis, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Officer Gragg threatened the plaintiff, and Officer Larson overheard the threat and failed to report it.

    In his complaint and documents incorporated therein, the plaintiff describes an incident on May 14, 2004, in which the plaintiff and Officer Gragg exchanged words. Gragg, who was retrieving dinner trays from inmates at the time, had the last word, which involved an obscenity and a vaguely threatening remark as he moved down a stairway away from the plaintiff. The plaintiff complained, and administrative personnel at the jail issued a written apology for the unprofessional comments and assured the plaintiff that appropriate administrative action would result.

    42 U.S.C. § 1983 provides a remedy for certain deprivations of a claimant's civil rights. To state a claim on which relief may be granted in an action brought pursuant to 42 U.S.C. § 1983, the plaintiff must allege facts amounting to the deprivation of a right secured by the Constitution or laws of the United States, by a person or entity acting under color of state law. In this case, even assuming the truth of all of the plaintiff's factual allegations, the described conduct by the defendants does not amount to a violation of the Constitution or laws of the United States.

    "Verbal threats and name calling usually are not actionable under § 1983." McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993). Accord Smith v. Copeland, 892 F. Supp. 1218, 1230 (E.D. Mo. 1995) (gestures and abusive language, without more, are not actionable under § 1983), *aff'd,* 87 F.3d 265 (8th Cir. 1996); Ellis v. Meade, 887 F. Supp. 324, 329 (D. Me. 1995) (even threatening language by guards usually does not violate the constitutional rights of prisoners).

    The single incident, the absence of any circumstances suggesting a likelihood of

1

imminent harm, and the professional manner in which prison administration handled the matter indicate that the offensive conduct carried no real threat of present or future injury. The factual allegations of the complaint and the documents incorporated therein do not state a claim on which relief may be granted under 42 U.S.C. § 1983. Because the described offensive conduct does not amount to an actionable level, the plaintiff's claims against the defendants must be dismissed.

THEREFORE, IT IS ORDERED:

1. That filing no. 12, the Motion to Dismiss filed by the defendants, Justin Gragg and Gina Larson, is granted; and

2. That a separate judgment will be entered accordingly.

DATED this 4th day of May, 2005.

BY THE COURT:


**s/ Joseph F. Bataillon**
Chief District Judge